USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCA PICHARDO,

                                        Plaintiff,

        -against-

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

15-cv-0756 (NSR)(LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Francisca Pichardo ("Plaintiff"), through counsel, seeks review under 42 U.S.C. § 405(g) of a decision by the Commissioner of Social Security ("Defendant") denying her claim for disability insurance benefits and Supplemental Security Income ("SSI").

This case was previously referred to Magistrate Judge Lisa Margaret Smith. Currently pending in this case is Defendant's unopposed motion to dismiss the action for (1) lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). (*See* ECF No. 7.) On June 29, 2015, Magistrate Judge Smith issued a Report and Recommendation ("R & R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Defendant's motion be granted. (*See* ECF No. 10.) For the following reasons, the Court adopts Magistrate Judge Smith's R & R in its entirety, and Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff seeks judicial review of a decision by the Commissioner of Social Security. The Court assumes familiarity with the underlying facts and prior proceedings in this case, as set

forth in the R & R. Plaintiff commenced the instant action after the Appeals Council denied her request for review of an Administrative Law Judge's determination that her disability ended in February 2012. While the Complaint is dated January 21, 2015, the case was not opened until February 2, 2015, the date the Complaint was actually filed. (*See* ECF No. 2.) Defendant moved to dismiss on April 10, 2015, asserting that Plaintiff's Complaint should be dismissed for failure to timely commence her civil action within the 60-day window required by 42 U.S.C. § 405(g). (*See* ECF No. 7.) Plaintiff did not respond to the motion to dismiss.

On June 29, 2015, Magistrate Judge Smith issued the R & R recommending that this Court grant Defendant's motion and dismiss the action. Neither party has filed written objections to the R & R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F.

Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d

Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further

judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d

Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b))

("When no timely objection is filed, the court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R & R issued by Magistrate Judge Smith, the Court

reviews the recommendation for clear error.

The Court finds no error on the face of the Report and Recommendation, and thus adopts

Judge Smith's R & R in its entirety. The lack of allegations in Plaintiff's Complaint regarding

the date on which she received the Notice of Appeals Council Action and her lack of response to

Defendant's motion to dismiss mean that Plaintiff has failed to rebut the presumption that she

received the Notice of Appeals Council Action within five days of November 21, 2014, the date

it was issued. Accordingly, Plaintiff had until January 26, 2015, to file her Complaint, but failed

to file it until the statute of limitations window had closed, making her claims time-barred.

## CONCLUSION

For the reasons stated above, this Court adopts Magistrate Judge Smith's Report and

Recommendation in its entirety. Defendant's motion to dismiss is granted, and the Clerk of Court

is respectfully directed to close this case accordingly.

Dated:   July 27, 2015
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCA PICHARDO,

                Plaintiff,

    - *against* -

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

15CV756 (NSR)(LMS)

**REPORT AND RECOMMENDATION**

TO:   **THE HONORABLE NELSON S. ROMÁN,**
       **UNITED STATES DISTRICT JUDGE**

     Plaintiff Francisca Pichardo brought this action pursuant to 42 U.S.C. § 405(g), seeking

review of the decision of the Commissioner of Social Security denying her claim for disability

insurance benefits and Supplemental Security Income ("SSI"). Complaint, Docket # 2.

Currently before the Court is the Commissioner's unopposed motion to dismiss the action for (1)

lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); and (2) failure to state a

claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docket # 7. For

the reasons set forth below, I conclude, and respectfully recommend that Your Honor should

conclude, that the Commissioner's motion to dismiss should be granted, and this action should

be dismissed.

## BACKGROUND

     Plaintiff, who was originally determined to be disabled on June 29, 2005, and had been

receiving disability insurance benefits and SSI, was found, upon subsequent review, no longer to

be disabled as of February 2, 2012. Declaration of Roxie Rasey Nicoll ("Nicoll Decl."), Docket

# 9, Ex. 1.[1]  Plaintiff filed a request for reconsideration, and on September 27, 2012, a Disability Hearing Officer upheld the determination that Plaintiff's disability ceased in February, 2012.  Id. Ex. 2.  Plaintiff thereafter filed a request for a hearing before an Administrative Law Judge ("ALJ"), and on May 17, 2013, the ALJ found that Plaintiff's disability ended on February 2, 2012, and that she had not become disabled again since that date.  Id. Ex. 3.  Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  On November 21, 2014, the Appeals Council denied Plaintiff's request for a review of that decision and mailed notice of its action to both Plaintiff and her counsel.  Id. Ex. 4; see also Compl.[2]

Plaintiff thereafter commenced this action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Although the Complaint is dated January 21, 2015, it was not filed until February 2, 2015.  Compl.  On April 10, 2015, the Commissioner moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  Docket # 7.  The Commissioner asserts that the Plaintiff did not commence her civil action within the 60-day time period required by 42 U.S.C. § 405(g) and that the Complaint should therefore be dismissed.  Plaintiff has not responded to the Commissioner's motion.[3]

---

[1] Defendant submitted the Declaration of Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, in support of its motion to dismiss.  Despite the Court's determination that this motion is more properly brought pursuant to Rule 12(b)(6) instead of Rule 12(b)(1), see infra, the Court may nevertheless consider the administrative decisions appended to the Nicoll Declaration as they are integral to Plaintiff's Complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.") (citation omitted); Compl. ¶¶ 3-4 ("The Plaintiff filed a claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. . . . The Plaintiff's claim was denied and the Plaintiff exhausted the administrative appeals process without success.").

[2] The Notice of Appeals Council Action is attached to the Complaint.  The address listed for Plaintiff's counsel on the Complaint is the same as the address listed for Plaintiff's counsel in the Notice of Appeals Council Action.

[3] In her memorandum of law in support of the motion, Defendant's counsel states that on February 17, 2015, she "attempted to contact plaintiff's counsel to inquire whether there was any evidence to indicate that the complaint was timely filed.  Counsel did not respond to that inquiry."  Mem. of Law in Supp. (Docket # 8) at 5 n.3.

## DISCUSSION

### Standard of Review

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." Id. To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id.

### Timeliness of Filing

Pursuant to Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), district courts are granted jurisdiction to hear Social Security claims. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). "Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." Id. "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

Social Security regulations further provide,

> Any civil action . . . must be instituted within 60 days after the Appeals
> Council's notice of denial of request for review of the administrative law
> judge's decision or notice of the decision by the Appeals Council is
> received by the individual . . . except that this time may be extended by the
> Appeals Council upon a showing of good cause. For purposes of this
> section, the date of receipt of notice of denial of request for review of the
> presiding officer's decision or notice of the decision by the Appeals
> Council shall be presumed to be 5 days after the date of such notice,
> unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). "[T]he regulation creates a rebuttable presumption that receipt of notice

shall be presumed to occur '5 days after the date of such notice.' " Matsibekker v. Heckler, 738

F.2d 79, 81 (2d Cir. 1984).

Since the 60-day limit is a statute of limitations, "it is a condition on the waiver of

sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S.

467, 479 (1986).

**Analysis**

The Appeals Council denied Plaintiff's request for review on November 21, 2014.

Although Plaintiff appends to her Complaint a copy of the Notice of Appeals Council Action, the

Complaint does not allege the date on which Plaintiff received the Notice. See Compl. Nor has

Plaintiff responded to the Commissioner's motion to dismiss. Thus, Plaintiff has failed to rebut

the presumption that she received the Notice of Appeals Council Action within five days of

November 21, 2014, or by November 26, 2014. Accordingly, Plaintiff had until January 26,

2015, to file her Complaint.[4] However, Plaintiff filed her Complaint on February 2, 2015, seven

days outside of the 60-day statute of limitations. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).

---

[4]As noted by Defendant, because the sixty-day limitations period expired on Sunday, January 25, 2015, the last day
was extended to Monday, January 26, 2015, pursuant to Fed. R. Civ. P. 6(a)(1)(C) ("if the last day [of the time
period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a
Saturday, Sunday, or legal holiday.").

Therefore, the Complaint is untimely. Courts in this Circuit commonly dismiss Social Security cases under such circumstances. <u>See, e.g.</u>, <u>Pressley v. Astrue</u>, No. 12 Civ. 8461 (NSR)(PED), 2013 WL 3974094, at *5 (S.D.N.Y. Aug. 2, 2013) (dismissing Social Security complaint filed five days late) (citing cases).

Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that the Complaint is time-barred.[5]

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Commissioner's motion to dismiss for failure to state a claim (Docket # 7) should be granted, and this action should be dismissed.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, <u>see</u> Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Nelson S. Román at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the Chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

---

[5]Equitable tolling applies to Social Security cases where a litigant "can show that he [or she] has been pursuing his [or her] rights diligently and that some extraordinary circumstance stood in his [or her] way." <u>Pressley</u>, 2013 WL 3974094, at *5 (internal quotation marks and citations omitted). In this case, Plaintiff "has not responded to the motion to dismiss or demonstrated in any way that [she] has been pursuing [her] rights diligently, or that some extraordinary circumstance prevented timely filing." <u>Id.</u> Thus, equitable tolling does not apply to this case.

Requests for extensions of time to file objections must be made to Judge Román, and should not be made to the undersigned.

Dated: June 29 2015
        White Plains, NY

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York